**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | : | **Master Docket: Misc. No. 21-mc-1230-JFC** |
| | : | **MDL No. 3014** |
| **This Document Relates to:** Mark Bradley Barnes 2:22-cv-00662-JFC | : | **SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL** |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

## I. DEFENDANTS

1. Plaintiff(s) name(s) the following Defendants in this action:

☑ Koninklijke Philips N.V.

☑ Philips North America LLC.

☑ Philips RS North America LLC.

☑ Philips Holding USA Inc.

☑ Philips RS North America Holding Corporation.

☐ Polymer Technologies, Inc.

☐ Polymer Molded Products LLC.

## II. PLAINTIFF(S)

2. Name of Plaintiff(s):

   Mark Bradley Barnes

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

   N/A

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

   N/A

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

   Louisiana

## III. DESIGNATED FORUM

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

   Western District of Louisiana

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ *E30 (Emergency Use Authorization)* | ☐ *Dorma 500* |
| ☐ *DreamStation ASV* | ☐ *REMstar SE Auto* |
| ☐ *DreamStation ST, AVAPS* | ☐ *Trilogy 100* |
| ☐ *SystemOne ASV4* | ☐ *Trilogy 200* |
| ☐ *C-Series ASV* | ☐ *Garbin Plus, Aeris, LifeVent* |
| ☐ *C-Series S/T and AVAPS* | ☐ *A-Series BiPAP Hybrid A30 (not marketed in U.S.)* |
| ☐ *OmniLab Advanced +* | ☐ *A-Series BiPAP V30 Auto* |
| ☐ *SystemOne (Q-Series)* | ☐ *A-Series BiPAP A40* |
| ☐ *DreamStation* | ☐ *A-Series BiPAP A30* |
| ☐ *DreamStation Go* | ☑ *Other Philips Respironics Device*; if other, identify the model: Philips Dream Station Auto CPAP (SN J29987375F008) |
| ☐ *Dorma 400* | |

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☑ Cancer Basal Cell Carcinoma (specify cancer)

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☐ Other (specify)

______________________________________________

## VI. CAUSES OF ACTION/DAMAGES

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I: Negligence

☑ Count II: Strict Liability: Design Defect

☑ Count III: Negligent Design

☑ Count IV: Strict Liability: Failure to Warn

☑ Count V: Negligent Failure to Warn

☑ Count VI: Negligent Recall

☑ Count VII: Battery

☑ Count VIII: Strict Liability: Manufacturing Defect

☑ Count IX: Negligent Manufacturing

☑ Count X: Breach of Express Warranty

☑ Count XI: Breach of the Implied Warranty of Merchantability

☑ Count XII: Breach of the Implied Warranty of Usability

☑ Count XIII: Fraud

☑ Count XIV: Negligent Misrepresentation

- [x] Count XV: Negligence Per Se
- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring
- [ ] Count XXI: Punitive Damages
- [x] Count XXII: Other [specify below]

La. R.S. § 9:2800.52 - 9:2800.59
La. C.C. Art 2520 and 2545

---

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [x] Count I: Negligence
- [x] Count II: Strict Liability: Design Defect
- [x] Count III: Negligent Design
- [x] Count IV: Strict Liability: Failure to Warn
- [x] Count V: Negligent Failure to Warn
- [x] Count VI: Negligent Recall
- [x] Count VII: Battery
- [x] Count VIII: Strict Liability: Manufacturing Defect
- [x] Count IX: Negligent Manufacturing

- [x] Count X: Breach of Express Warranty
- [x] Count XI: Breach of the Implied Warranty of Merchantability
- [x] Count XII: Breach of the Implied Warranty of Usability
- [x] Count XIII: Fraud
- [x] Count XIV: Negligent Misrepresentation
- [x] Count XV: Negligence Per Se
- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring
- [ ] Count XXI: Punitive Damages
- [x] Count XXII: Other [specify below]

La. R.S. § 9:2800.52 - 9:2800.59
La. C.C. Art 2520 and 2545

---

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [x] Count I: Negligence
- [x] Count II: Strict Liability: Design Defect
- [x] Count III: Negligent Design
- [x] Count IV: Strict Liability: Failure to Warn

- [x] Count V: Negligent Failure to Warn
- [x] Count VI: Negligent Recall
- [x] Count VII: Battery
- [x] Count VIII: Strict Liability: Manufacturing Defect
- [x] Count IX: Negligent Manufacturing
- [x] Count X: Breach of Express Warranty
- [x] Count XI: Breach of the Implied Warranty of Merchantability
- [x] Count XII: Breach of the Implied Warranty of Usability
- [x] Count XIII: Fraud
- [x] Count XIV: Negligent Misrepresentation
- [x] Count XV: Negligence Per Se
- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring
- [ ] Count XXI: Punitive Damages
- [x] Count XXII: Other [specify below]

La. R.S. § 9:2800.52 - 9:2800.59
La. C.C. Art 2520 and 2545

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [x] Count I: Negligence
- [x] Count II: Strict Liability: Design Defect
- [x] Count III: Negligent Design
- [x] Count IV: Strict Liability: Failure to Warn
- [x] Count V: Negligent Failure to Warn
- [x] Count VI: Negligent Recall
- [x] Count VII: Battery
- [x] Count VIII: Strict Liability: Manufacturing Defect
- [x] Count IX: Negligent Manufacturing
- [x] Count X: Breach of Express Warranty
- [x] Count XI: Breach of the Implied Warranty of Merchantability
- [x] Count XII: Breach of the Implied Warranty of Usability
- [x] Count XIII: Fraud
- [x] Count XIV: Negligent Misrepresentation
- [x] Count XV: Negligence Per Se
- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring

☐ Count XXI: Punitive Damages

☑ Count XXII: Other [specify below]

La. R.S. § 9:2800.52 - 9:2800.59
La. C.C. Art 2520 and 2545

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I: Negligence

☑ Count II: Strict Liability: Design Defect

☑ Count III: Negligent Design

☑ Count IV: Strict Liability: Failure to Warn

☑ Count V: Negligent Failure to Warn

☑ Count VI: Negligent Recall

☑ Count VII: Battery

☑ Count VIII: Strict Liability: Manufacturing Defect

☑ Count IX: Negligent Manufacturing

☑ Count X: Breach of Express Warranty

☑ Count XI: Breach of the Implied Warranty of Merchantability

☑ Count XII: Breach of the Implied Warranty of Usability

☑ Count XIII: Fraud

☑ Count XIV: Negligent Misrepresentation

☑ Count XV: Negligence Per Se

- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring
- [ ] Count XXI: Punitive Damages
- [x] Count XXII: Other [specify below]

La. R.S. § 9:2800.52 - 9:2800.59
La. C.C. Art 2520 and 2545

---

14. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [ ] Count I: Negligence
- [ ] Count II: Strict Liability: Design Defect
- [ ] Count III: Negligent Design
- [ ] Count IV: Strict Liability: Failure to Warn
- [ ] Count V: Negligent Failure to Warn
- [ ] Count VIII: Strict Liability: Manufacturing Defect
- [ ] Count IX: Negligent Manufacturing
- [ ] Count XIII: Fraud
- [ ] Count XIV: Negligent Misrepresentation
- [ ] Count XVII: Unjust Enrichment

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☐ Count XX:        Medical Monitoring

☐ Count XXI:       Punitive Damages

☐ Count XXII:      Other [specify below]

---

15. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:         Negligence

☐ Count II:        Strict Liability: Design Defect

☐ Count III:       Negligent Design

☐ Count IV:        Strict Liability: Failure to Warn

☐ Count V:         Negligent Failure to Warn

☐ Count VIII:      Strict Liability: Manufacturing Defect

☐ Count IX:        Negligent Manufacturing

☐ Count XIII:      Fraud

☐ Count XIV:       Negligent Misrepresentation

☐ Count XVII:      Unjust Enrichment

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☐ Count XX:        Medical Monitoring

☐ Count XXI:      Punitive Damages

☐ Count XXII:     Other [specify below]

---

16. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

    See Exhibit A attached

---

17. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

    N/A

---

18. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

N/A

---

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: Jan 11 2023

/s/ Patrick W. Pendley

Patrick W. Pendley (LSBA #: 10421)
Pendley, Baudin & Coffin, LLP
24110 Eden Street
Post Office Drawer 71
Plaquemine, Louisiana 70765-0071
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
Email: pwpendley@pbclawfirm.com

# Exhibit A

*Mark Bradley Barnes*
*vs.*
*Koninklijke Philips N.V., et al*

**Liability Under The Louisiana Products Liability Act**

Pursuant to La. R.S. § 9:2800.52 the Louisiana Products Liability Act establishes the exclusive theories of liability for manufacturers for damage caused by their products.

Pursuant to La. R.S. § 9:2800.55, Defendants were aware that their recalled device was unreasonably dangerous in its construction and/or composition at the time the device left Defendants' control. Supporting factual allegations setting forth the specifics of such manufacturing defects are found within the Amended Master Complaint in Counts I, VIII and IX.

Pursuant to La. R.S. § 9:2800.56, Defendants now recalled device was defective and/or unreasonably dangerous in its design and/or formulation at the time it left Defendants' control because the Defendant knew or should have known that serious health risks associated with the foreseeable use of the device by far outweighed its benefits. Supporting factual allegations setting forth the specifics of such design defects are found within the Amended Master Complaint in Counts I, II, and III.

Pursuant to La. R.S. § 9:2800.57, Defendants failed to warn consumers, such as Plaintiff, of the true risks associated with the use of the device in question. As a result, Defendants device was unreasonably dangerous due to an inadequate warning. Supporting factual allegations setting forth the specifics of such failure to warn claims are found within the Amended Master Complaint in Counts I, IV, V, and VI.

Pursuant to La. R.S. § 9:2800.58, Defendants device was defective at the time it left Defendants control because the device was unreasonably dangerous due to nonconformity to express warranty made by Defendants. Supporting factual allegations setting forth the specifics of such failures to conform to representations are found within the Amended Master Complaint in Counts X, XI, and XII.

**Redhibition**

Pursuant to La. Civil Code Art. 2520, a seller warrants the buyer against redhibitory defects, or vices, in the thing sold. Defendants' device, which was sold and promoted by Defendants, possesses a redhibitory defect because it is unreasonably dangerous, as described in the Amended Master Complaint in counts 1-20, which renders the device useless or so inconvenient that it must be presumed that Plaintiff would not have bought the device had Plaintiff been made aware of such defects.

Pursuant to La. Civil Code Art. 2545, Defendants, as the manufacturers, distributors, and/or sellers of the device, are deemed to be aware of its redhibitory defects.

Had Plaintiff been made aware of the redhibitory defects contained in the device, Plaintiff would not have purchased the device. These redhibitory defects, as explained in detail in the Amended Master Complaint, rendered the device unfit for its intended purposes and Defendants are liable to Plaintiff under the theory of redhibition as a consequence.

Plaintiff is entitled to the return of purchase price paid for the device including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiff may be entitled. Additional factual allegations pertaining to the unjust enrichment received by Defendants can be found in the Amended Master Complaint at Count XVII.